IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HARRIS, )<br>    Petitioner, )<br>vs. )<br>T. FELKER, Warden, )<br>    Respondent. ) | No. C 07-2084 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner and co-defendant Eric Lockhart were convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of murder with special circumstances. On December 12, 2003, petitioner was sentenced to life in prison without the possibility of parole.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on August 23, 2006 denied review of a petition allegedly raising the same claim(s) raised here.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the ground that the trial court's refusal to sever his trial from that of his co-defendant denied him his right to due process and to present a defense. He also seeks to raise Confrontation Clause and instructional errors claims raised by his co-defendant in the state courts. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: August 29, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Harris, A1.osc.wpd

3